IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-104-D

BILLY R. WALLS, )
 )
          Plaintiff, )
 )
v. ) **ORDER**
 )
PITT COUNTY SCHOOL BOARD, )
et al., )
 )
          Defendants. )

Billy R. Walls ("Walls" or "plaintiff") seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3) for race discrimination and retaliation. See [D.E. 1]. On June 12, 2013, the Pitt County Board of Education, Superintendent Beverly R. Emory, and Director of Student Services Pokie Noland ("defendants") filed a motion to dismiss Walls's pro se complaint. See [D.E. 14]; Fed. R. Civ. P. 12(b)(6). Defendants also filed a memorandum in support. See [D.E. 15]. On July 29, 2013, Walls responded in opposition, [D.E. 19], and filed an amended response on August 8, 2013. See [D.E. 20]. On August 12, 2013, defendants replied. See [D.E. 21]. As explained below, the motion to dismiss is granted in part and denied in part.

In analyzing a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591

F.3d 250, 255 (4th Cir. 2009); see Iqbal, 556 U.S. at 678–79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

Walls is proceeding pro se. The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd., 591 F.3d at 255–56; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

The court has reviewed the pro se complaint under the governing standard and dismisses as redundant Walls's claims under 42 U.S.C. § 1983 against Emory and Nolan in their official capacity. See, e.g., Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004). The court dismisses Walls's claims under Title VII against Emory and Noland because they cannot be individually liable. See, e.g., Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998). The court dismisses Walls's claims under 42 U.S.C. § 1985(3) against all defendants because a party cannot use section 1985(3) to get relief under Title VII and because the intracorporate conspiracy doctrine defeats the claim. See, e.g., Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 373–78 (1979); Buschi v. Kirven, 775 F.2d 1240, 1251, 1257–59 (4th Cir. 1985); Cooper v. Brunswick Cnty. Sheriff's Dept., 896 F. Supp. 2d 432, 454–55 (E.D.N.C. 2012), aff'd, 735 F.3d 153 (4th Cir. 2013); Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 573 (E.D.N.C. 2009); Iglesias v. Wolford, 539 F. Supp. 2d 831, 835–36 (E.D.N.C. 2008). Finally, the court dismisses Walls's request for punitive damages. See, e.g., Newport v. Fact Concerts, 453 U.S. 247, 271 (1981); 42 U.S.C. § 1981a(b)(1).

Walls's Title VII and 42 U.S.C. § 1983 claims against the Pitt County Board of Education based on a race discrimination and retaliation survive the motion to dismiss. Whether these claims will survive a motion for summary judgment is an issue for another day.

In sum, defendants' motion to dismiss [D.E. 14] is GRANTED in part and DENIED in part. Beverly R. Emory and Pokie Noland are DISMISSED as defendants. The sole remaining claims are plaintiff's claims under Title VII and 42 U.S.C. § 1983 for race discrimination and retaliation against the Pitt County Board of Education. Additionally, the court notes that Walls's factual allegations are currently contained in multiple documents, including the complaint [D.E. 1], Walls's response in opposition [D.E. 19], and his amended response [D.E. 20]. The court ORDERS Walls to file, no later than February 18, 2014, an amended complaint containing all of his factual allegations concerning his race discrimination and retaliation claims under Title VII and 42 U.S.C. § 1983 in one document. Walls shall not assert any new claims in his amended complaint. The Pitt County Board of Education may respond to the amended complaint in accordance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15(a)(3).

SO ORDERED. This __3__ day of February 2014.

JAMES C. DEVER III
Chief United States District Judge